IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Victoria Panchura, | ) | Civil Action No.: 4:12-2602-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Victoria Panchura ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI").

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On January 31, 2014, the Magistrate Judge issued a Report and Recommendation in which he determined that Plaintiff failed to show that the Commissioner's decision was not based on substantial evidence. Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 29.) The parties were advised of their right to submit objections to the Report and Recommendation. Plaintiff filed objections on February 28, 2014, (ECF No.34), and the Commissioner filed a reply on March 10, 2014 (ECF No. 37.)

**FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Plaintiff was thirty-six years old when she filed an application for supplemental security income ("SSI") alleging a disability onset date of December 17, 2002, due to amputation of her left leg below the knee, anxiety, and depression. (Tr. 230, 256, 268.) She has a high school education and past relevant work experience as an entertainer/dancer, housekeeping services manager, manager of a tanning salon, flight attendant, and cashier/sales attendant. (Tr. 128-129, 209-14, 219-28, 231.) Plaintiff's application was denied initially and upon reconsideration. (Tr. 43.) Plaintiff requested a hearing before an administrative law judge ("ALJ") and a video hearing was held on November 8, 2010. The ALJ found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. 59.) The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision for the Commissioner. Plaintiff filed an action in this Court on September 10, 2012 (ECF No. 1.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the court's review of the Report thus depends

on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion

is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

**Treating Physician Rule**

Plaintiff challenges once again the Magistrate Judge's finding that the ALJ properly assessed the opinions of Plaintiff's treating physician Dr. Alston. At issue are two opinions from Dr. Alston. He issued one opinion in February 2010 arising out of a referral form for canine assistance on behalf of Plaintiff, and a second opinion in November 2010 arising out of a "Medical Statement" for Plaintiff. The primary difference between the two opinions is that in the November 2010 opinion, Dr. Alston opined that Plaintiff was not capable of performing sedentary work on a full-time 40-hour a week basis due to impairments. The contents of both opinions are fully outlined in the Report and Recommendation and, as such, the Court will not restate their contents.

The ALJ gave significant weight to Dr. Alston's February 2010 opinion and little weight to his subsequent November 2010 opinion finding that Dr. Alston's November 2010 opinion was "inconsistent with the treatment records from that period and was not supported by the weight of the other evidence in the record." (Tr. 56.) Plaintiff argues that, in assigning little weight to Dr. Alston's November 2010 opinion, the ALJ discussed Plaintiff's depression and somnolence, but failed to address Plaintiff's physical impairments of stump and limb pain. Plaintiff further argues that the ALJ failed to discuss the portion of Dr. Alston's November 2010 opinion wherein he opined that Plaintiff "is unable to stand or walk for extended periods of time due to pain from her prosthesis along with her phantom limb pain." (Tr. 520.) The Magistrate Judge acknowledged that the ALJ did not directly discuss this portion of Dr. Alston's November 2010 opinion. However, as explained by the Magistrate Judge, it can be inferred from the RFC assigned by the ALJ that she considered Plaintiff's physical impairments because she concluded that Plaintiff could "sit for 6 hours in an 8-

hour day, and stand and walk occasionally". (ECF No. 29 at 10.)

The Court has considered Plaintiff's objections as well as the reasons set forth by the ALJ for assigning Dr. Alston's November 2010 opinion less weight and finds Plaintiff's objection to be without merit. The Magistrate Judge fully addressed Plaintiff's contentions of error regarding the weight assigned to Dr. Alston's November 2010 opinion and the analysis conducted by the ALJ as required by 20 C.F.R. § 404.1527. Generally, an ALJ will "accord greater weight to the testimony of a treating physician" but the relevant rule does not require that the testimony always be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); see also SSR 96-2p, 1996 WL 374188, at *5 (1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical opinion). By negative implication, it follows that a treating physician's opinion can be accorded less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Further, as set forth by the Magistrate Judge, an ALJ can discount the opinion of a treating physician where it is inconsistent with other opinions from the physician and with the record as a whole. See 20 C.F.R. § 416.927(c)(4).

Upon review, the Court agrees with the Magistrate Judge that the ALJ applied the correct legal principles in evaluating the treating physician's opinion and sufficiently described his reasons for giving a certain portion of Dr. Alston's November 2010 opinion little weight. Here, there is substantial evidence in the entire record to support the ALJ's decision concerning the appropriate weight given to Dr. Alston's November 2010 opinion and the Court finds no reversible error with respect to this issue.

**RFC Determination**

Plaintiff next contends that the ALJ erred due to her failure to provide an explanation in her decision for failing to include in the RFC Plaintiff's need for assistive devices for ambulation as required by SSR 96-8p. Specifically, Plaintiff contends that the ALJ erred due to his failure to explain the February 2010 opinions of Dr. Alston and Mr. Alexander L. Lyons, CPO[2] ("Mr. Lyons") wherein both indicated Plaintiff used a prosthesis, wheelchair-manual, crutch/cane and walker as assistive devices. The Magistrate Judge suggests that the ALJ did not commit error and, that substantial evidence supports the ALJ's decision.

The record reflects that the ALJ assigned significant weight to Dr. Alston's February 2010 opinion and Mr. Lyons February 2010 opinion. The Magistrate Judge acknowledges that the ALJ did not directly address the portion of Dr. Alston's and Mr. Lyons' opinions regarding Plaintiff's need for assistive devices other than a prosthesis. The Magistrate Judge notes that the ALJ's decision contains a discussion of various medical records regarding Plaintiff's use of a prosthesis, whereas the only reference in the record to the need for other assistive devices is found in the February 2010 opinions of Dr. Alston and Mr. Lyons and in a notation on a treatment note of Dr. Alston from February 2010. Additionally, the Magistrate Judge notes that the RFC assigned by the ALJ required only sedentary work, with Plaintiff sitting six hours of an eight-hour day and standing or walking occasionally. (ECF No. 29 at 13.) As such, the Magistrate Judge further notes that the need to ambulate would be minimal. *Id.* The Magistrate Judge also suggests that even assuming *arguendo* that the ALJ erred in omitting a discussion of Plaintiff's need for an assistive device, the error was harmless. The Court agrees as the ALJ factored it into his assessment of Plaintiff's RFC.

---

[2]The Report and Recommendation reflects that Mr. Lyons was not an acceptable medical source pursuant to 20 CFR §§ 404.1513(a) and 416.913 but was considered another source whose information may provide insight as to how the claimant's impairments affect her ability to work. (ECF No. 11.)

Thus, for the reasons outlined by the Magistrate Judge, the Court finds that the ALJ did not err as substantial evidence supports the ALJ's decision.

**Vocational Testimony**

Finally, Plaintiff argues that the ALJ committed reversible error when she failed to resolve a conflict between the VE's testimony and the United States Department of Labor, Dictionary of Occupational Titles ("DOT"). The VE testified in response to a hypothetical question from the ALJ that an individual with the limitations outlined in Plaintiff's RFC could perform the jobs of grader/sorter/sampler. Plaintiff asserts that the DOT descriptions of these jobs was inconsistent with the limitations outlined in the RFC that Plaintiff was limited to "simple, routine, repetitive tasks in a stable environment without a strict production standard or fast pace." (Tr. 48.) & (ECF No. 23 at 36-37.) Contrary to the Plaintiff's argument, there is no conflict (apparent or otherwise) between the VE's testimony and the DOT, as the ALJ properly assessed that Plaintiff could perform jobs existing in significant numbers in the national economy, and substantial evidence supports the ALJ's findings.

ALJs routinely rely on the DOT in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir.1990) (citations omitted); *see also* 20 C.F.R. § 416.966(d)(1) (DOT is source of reliable job information). An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefore. *Massachi v. Astrue*, 486 F. 3d 1149, 1152-53 (9th Cir. 2007); SSR 00–4p. But failure to so inquire can be deemed harmless error where there is no apparent conflict.

Here, the Magistrate Judge noted that there is no apparent conflict or inconsistency between the VE's evidence and the DOT, as the DOT does not address the production standard or pace of the

-7-

jobs listed by the VE.  *See Zblewski v. Astrue*, 302 Fed. App'x 488, 494 (7th Cir. 2008) ("Because the DOT does not address the subject of the sit/stand options, it is not apparent that the [sit/stand] testimony conflicts with the DOT.")  Upon review, the Court concurs with Magistrate Judge's analysis on this issue and overrules Plaintiff's objection.

## CONCLUSION

After a thorough review of the record and facts of the instant case, the Court finds no error and no cause for remand in this matter.  Substantial evidence supports the ALJ's decision.  The Court concurs in the recommendation of the Magistrate Judge and adopts the Report and Recommendation

and incorporates it herein by reference.  The decision of the Commissioner is AFFIRMED.


/s/Mary G. Lewis
United States District Judge

March 26, 2014
Spartanburg, South Carolina